IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Cathlena Jenkins Bright,<br><br>               Plaintiff,<br>vs.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security Administration,<br>               Defendant. | Civil Action No. 6:17-1431-CMC<br><br>**OPINION AND ORDER** |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C.

The Report, filed on September 5, 2018, recommends that the decision of the Commissioner be affirmed. ECF No. 43. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed no objections by the deadline, and the court entered an Order adopting the Report and affirming the Commissioner. ECF No. 43. However, it was determined there was no record of the Report being mailed to Plaintiff when it was filed. Therefore, the Order was vacated on October 4, 2018, and the court directed the Clerk to send a copy of the Report to Plaintiff and allowed fourteen days for Plaintiff to file any objections to the Report. ECF No. 50. The same day, the court received a Reply by Plaintiff to the Order. ECF No. 54.

On October 16, 2018, Plaintiff filed objections to the Report. ECF No. 56.[1] On October 30, 2018, the Commissioner filed a response to Plaintiff's objections. ECF No. 60. Plaintiff filed a "response brief" on November 6, 2018, requesting her "objections be granted," and an additional "response brief" on November 7, reiterating her evidence. ECF Nos. 65, 67. For the reasons stated below, the court adopts the Report and affirms the decision of the Commissioner.

### **Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

[1] Plaintiff also filed a *pro se* motion for discovery on October 19, 2019. ECF No. 59. Defendant filed a response on October 30, 2018. In view of the court's decision below, that motion is moot.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[2] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## **Background**

---

[2] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

3

Plaintiff initially applied for DIB on November 6, 2007, alleging disability as of March 1, 2006. After a hearing, the Administrative Law Judge ("ALJ") issued an Order on March 12, 2010, and found Plaintiff was not under a disability. The Appeals Council denied review, and Plaintiff did not appeal that decision. On September 30, 2010, Plaintiff filed applications for DIB and Social Security Income ("SSI"), alleging disability as of March 2, 2006. Her applications were denied on December 21, 2010, and she did not appeal that determination.

The applications for DIB and SSI subject to the instant appeal were filed November 6, 2013, alleging she was unable to work as of March 1, 2006. Her applications were denied initially and on reconsideration. After a hearing on September 10, 2015, the ALJ issued a decision on January 8, 2016, finding *res judicata* applied from March 1, 2006 to March 12, 2010, and Plaintiff was not disabled within the meaning of the Act from March 12, 2010 through the date of decision. Plaintiff requested review by the Appeals Council, which was denied, making the determination of the ALJ the final decision of the Commissioner. Plaintiff filed this action *pro se* on June 1, 2017. ECF No. 1.

## **Discussion**

The Magistrate Judge recommends the court affirm the Commissioner's decision. Before the court vacated its initial Order affirming the commissioner, Plaintiff filed a Reply to the Order, arguing she had "demonstrated [she] suffered a physical and mental disability," noted the undersigned is not a Judge in Colleton County, and requested "the court and the Honorable Judge

4

Kevin F. McDonald to make their decision and affirm Cathlena Jenkins Bright for their final decision."[3] ECF No. 54. After she received notice the Order was being vacated, Plaintiff filed objections to the Report, objecting to essentially every sentence of the Report with legalese-type arguments, including "best evidence rule" and "hearsay." ECF No. 56. Construed liberally, Plaintiff appears to be making the following legal[4] arguments: (1) the record reflects Plaintiff was under a disability; (2) the Report did not include medical records showing health problems, including examples revealing "advanced degeneration" of her cervical spine and details from a February 2014 emergency room visit; (3) she declined surgery because of the risks; (4) "only part of the plaintiff's impairment is being introduced" but her four impairments should be considered; and (5) the ALJ erred by making his decision "on opinions not facts." *Id.* The Commissioner argues Plaintiff's objections fail because the Federal Rules of Evidence (such as hearsay and the best evidence rule, as cited by Plaintiff) do not apply in Social Security administrative proceedings, and the ALJ did not err but advanced a rational interpretation of the evidence that should not be overturned. ECF No. 60.

---

[3] The court notes this case was properly assigned according to the Federal District Court procedures. A state court, such as one in Colleton County, does not have jurisdiction over Social Security appeals.

[4] Plaintiff quibbles with many of the facts recited in the Report. ECF No. 56 at 7 (Plaintiff states she was being treated at S.C. Vocational Rehabilitation Department of Walterboro, not Columbia), 8 (Report "[made] it appear as if the Plaintiff was a student attending Trident Technical School, when I was attending continuing education at Trident Technical College Program in medical assisting."). However, none of these issues affects the outcome of the case, as the court has completed a *de novo* review of the record prior to reaching its decision.

After reviewing the record *de novo*, the court overrules Plaintiff's objections. Although Plaintiff argues she is under a disability, this is the ultimate question for the ALJ to determine. To that end, Plaintiff argues the ALJ made the disability determination "on opinions not facts"; however, the court agrees with the Magistrate Judge the ALJ applied the correct legal standards and the decision is supported by substantial evidence. The court further agrees the ALJ may consider otherwise pertinent evidence that may have been excluded in a court proceeding based on a strict interpretation of the Federal Rules of Evidence.

Plaintiff argues the ALJ did not consider all her impairments, urging the following impairments were not considered: "1) strain and sprain rotator cuff, 2) strain and sprain thoracic spine, 3) degeneration of cervical intervertebral and 4) degeneration of lumbar spine with grade 1 retrolisthesis of L5 on S1, scoliosis."[5] However, it is clear the ALJ considered these impairments, as he found cervical and lumbar generative disc disease, fibromyalgia, and history of left rotator cuff surgery were severe impairments. R. at 22. Further, although the Magistrate Judge may not have summarized every medical record in the recitation of the facts, his lengthy discussion of the facts and findings by the ALJ show consideration of these impairments.

Finally, Plaintiff's argument regarding her reasons for declining surgery fails. The surgery is not the only instance of Plaintiff's failing to follow through with treatment

---

[5] To the extent Plaintiff complains these impairments were not considered by Drs. Stovall and Bethea, the court agrees with the Magistrate Judge those impairment ratings were done in the course of Plaintiff's previous worker's compensation claim and are outside the time period of this review. *See* ECF No. 43 at 22-23.

recommendations: the ALJ also cited failure to take medications, failure to continue conservative treatment (injections and physical therapy) for her low back and leg pain, and noted this continued failure to follow treatment recommendations suggests her symptoms may not have been as serious as alleged. R. at 25. The court finds the correct legal standard was applied by the ALJ in considering Plaintiff's noncompliance with recommended treatment.

## Conclusion

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
November 8, 2018